IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CR-00287-FL-3

**United States of America**,

v.

**Kawuan J. Robertson**,

             Defendant.

**Order**

In July 2018, a federal grand jury indicted Defendant Kawuan J. Robertson on a drug conspiracy charge. In anticipation of trial, Robertson has filed motions seeking the disclosure of more documents and information, as well as asking the court to enter an order sequestering witnesses at trial and allow him to file additional motions. The court will grant Robertson's requests in part and deny them in part.

**I.**    **Motion to Sequester Witnesses**

Robertson seeks to exclude all of the Government's witnesses from the courtroom during trial. The Government does not oppose the sequestration of its witnesses, but requests that the court sequester Robertson's witnesses as well.

The Federal Rules of Evidence require that, upon the request of a party, the court exclude witnesses from trial so that they cannot hear the testimony given by other witnesses. Fed. R. Evid. 615. But the court may not exclude certain categories of people, including "a party who is a natural person" or a designated officer or employee of a party that is not a natural person. *Id.* at 615(a), (b). The court thus grants Robertson's Motion for Sequestration (D.E. 102) and orders that all witnesses that may be called by Robertson or the Government, other than the defendant and a case

agent designated by the Government, are barred from the courtroom during trial. The Government must designate its case agent no later than the start of trial.

## II. Motion for Production of *Jencks* Materials

Robertson requests that the court order the Government disclose to witness statements covered by the *Jencks* Act, 18 U.S.C. § 3500, fifteen days before trial. (D.E. 99). But the *Jencks* Act provides that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpena [sic], discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). The Fourth Circuit Court of Appeals has explained that because of the statute's language, a "district court may not require the government to produce *Jencks* Act material relating to one of its witnesses until after the witness has testified." *United States* v. *Lewis*, 35 F.3d 148, 151 (4th Cir. 1994).

Although a district court may not require early disclosure of *Jencks* material, the Government may voluntarily disclose the requested documents and information before trial. *Id.* Here, the Government has represented that it will disclose *Jencks* material "in time for its effective use at trial." D.E. 112 at 2. Given the plain language of the statute and the Fourth Circuit's holding in *Lewis*, Robertson's motion for early disclosure of *Jencks* Act materials (D.E. 99) is denied.

## III. Motion to Preserve Evidence

Robertson asks the court to order the Government to preserve agents' notes as well as all evidence subject to disclosure under Federal Rules of Criminal Procedure 6(e) (grand jury testimony), 7(f) (bill of particulars), 16 (discovery), 18 (place and prosecution of trial), and *Brady* and *Giglio* materials.

The Government contends the motion is unnecessary. It states that it will turn over grand jury transcripts as required by controlling case law. It also asserts that it has provided broad discovery to Robertson and will continue to fulfill its discovery obligations. And the Government claims that no Bill of Particulars exists and it is unaware of any evidence relating to the place and prosecution of trial that would require preservation.

As to the agents' notes, under Fourth Circuit precedent, "investigative notes of government agents, rough or typed, made in the course of witness interviews, which are later incorporated in the agent's formal report, are not statements within the meaning of the *Jencks* Act, 18 U.S.C. § 3500." *United States* v. *King*, 121 F.R.D. 277, 279 (E.D.N.C. 1988) (citing *United States* v. *Hinton*, 719 F.2d 711, 722 (4th Cir. 1983)). Thus, the Government need not turn over any handwritten notes which comprised a formal report. If any requested handwritten notes do not comprise a formal report but are subject to disclosure under the *Jencks* Act, the Government has represented to the court that it will provide the notes "in time for effective use at trial." D.E. 112 at 4.

Thus, given the representations by the Government recognizing the existing evidence and its discovery obligations, the motion seeking to preserve evidence (D.E. 100) is denied.

## IV. Motion for Disclosure of Credibility-Related Agreements

Robertson requests that the court require the Government to immediately inform him of the existence and terms of any agreements for "deals, arrangements[,] or inducements" between the Government and any witnesses it intends to call at trial. D.E. 101. The motion also seeks the criminal records of the Government's witnesses, prior testimony, and concessions about any witness's criminal behavior. The Government recognizes its duty to produce this type of information, but opposes a requirement that it do so immediately. D.E. 112 at 7 (citing *Giglio* v. *United States*, 405 U.S. 150 (1972); *United States* v. *Joseph*, 533 F.2d 282 (5th Cir. 1976); *United*

*States* v. *Feloa*, 651 F. Supp. 1068 (S.D.N.Y. 1987)). The court will grant Robertson's motion (D.E. 101) in part and deny it in part. The Government must provide Robertson with the information sought in his motion no later than seven days before the scheduled trial date.

**V.     Additional Pretrial Motions**

Robertson also seeks leave of court to file additional pretrial motions that may arise after the court addresses his pending motions. The Government opposes the motion. The court finds that the motion is unnecessary at this point. Should Robertson's seek to file any other pretrial motion not now contemplated, he may seek leave of court to do so when he files such a motion. So the court denies his motion to file additional motions (D.E. 103) without prejudice.

SO ORDERED.

Dated:  July 29, 2019

_____
Robert T. Numbers, II
United States Magistrate Judge